UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**TONY KEARNY,**

        **Plaintiff,**

        **v.**                                          **Case No. 05-C-834**

**MILWAUKEE COUNTY, et. al.,**

        **Defendants.**

## ORDER OF RECUSAL

On August 5, 2005, Tony Kearny ("Kearny") filed a complaint against the defendants. This case was randomly assigned to The Honorable J.P. Stadtmueller. On September 1, 2005, the defendants answered the complaint and in doing so refused to consent to the full jurisdiction of a magistrate judge. (Docket No. 5.) The case proceeded before Judge Stadtmueller and a jury trial date was set for March 26, 2007. At the request of the parties, based upon a medical situation encountered by defendants' attorney, the jury trial was rescheduled to April 30, 2007. At that same time, on February 12, 2007, Judge Stadtmueller ordered the parties to confer and to discuss the option of pursuing mediation with a United States Magistrate Judge or a third-party mediator. (Docket No. 38.) The defendants' attorney, again for medical reasons, requested another adjournment of the trial date. On April 3, 2007, Judge Stadtmueller referred this case to me for mediation, (Docket No. 43). Judge Stadtmueller also adjourned the trial date to June 11, 2007.

On May 23, 2007, I conducted a mediation in this case. This mediation did not result in a settlement of the case at that time, and the matter was returned to Judge Stadtmueller. (Docket No. 59.) However, as a result of the mediation, the parties did agree to explore several settlement

options, and therefore requested that Judge Stadtmueller again adjourn the trial date to permit the parties to explore these settlement options. (Docket No. 60.) I indicated to the parties that I would remain involved if my assistance was necessary to facilitate further settlement discussions. (Docket No. 61.) On May 29, 2007, Judge Stadtmueller granted the parties' request to adjourn the trial. (Docket No. 62.)

On August 3, 2007, Judge Stadtmueller scheduled a jury trial for November 5, 2007. (Docket No. 65.) On September 19, 2007, counsel for the plaintiff contacted the court by way of letter requesting that Judge Stadtmueller adjourn the trial date for at least two weeks on the grounds that he and his wife were expecting their first child on October 28, 2007, but were advised that the birth may be later than the expected due date. (Docket No. 66.)

On October 25, 2007, Judge Stadtmueller conducted a final pretrial conference in this case. (Docket No. 70.) Counsel for the plaintiff again requested that the trial be adjourned in light of the fact that his wife is expected to give birth soon. (Docket No. 70.) In light of the fact that the case had already been pending for two years, Judge Stadtmueller denied counsel's request. (Docket No. 70.) However, Judge Stadtmueller stated that the parties may elect to proceed before a magistrate judge. (Docket No. 70.) At this hearing, counsel conferred and agreed to proceed before a magistrate judge. (Docket No. 70.) Judge Stadtmueller instructed the parties to file their formal consents to the jurisdiction of magistrate judge, (Docket No. 70), which they did later that day, (Docket No. 71). Therefore, this case was transferred to me upon the consent of the parties.

28 U.S.C. § 455(a) requires a magistrate judge to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." I believe that, as a result of the mediation proceeding I conducted with the parties, this statutory provision comes into play. Although Canon 3A(4) of the Code of Conduct for United States Judges permits a judge to "confer separately with the parties and their counsel in an effort to mediate or settle pending matters," provided the parties

consent, I nonetheless find that the circumstances of this case, especially the nature of the mediation, require me to recuse myself from further proceedings in this matter.

The role of mediator is quite distinct from the role of a judge. During a mediation, it is not uncommon for me to candidly offer my view as to the viability of any party's position, speculate as to possible outcome of any pending or prospective motion, offer my view as to what may be reasonable damages, or offer any number of other candid opinions that I would never provide to parties in a case I am presiding over as judge. Specifically, with respect to this case, I note that the day before the mediation in this case, the defendants filed a motion in limine seeking to limit certain testimony. (Docket No. 51.) I am limited by the confidentiality requirement set forth in Civil L.R. 16.6 from discussing how this motion or other factual and legal matters in the case may have factored into the mediation proceedings. Suffice it to say that during the course of any mediation, especially when I meet on an ex parte basis with each party, I often assume the role of a devil's advocate on various issues. As a result, if I were to subsequently become the presiding judge, my ruling on pending motions, evidentiary matters, requests for jury instructions and the like, may cause a party to question my impartiality, especially if that party thought my decision as the trial judge was inconsistent with a personal opinion I may have expressed during the mediation.

It is certainly possible for a presiding judge to ethically conduct a mediation in a case over which he or she presides. However, in doing so, the role as a presiding judge must remain foremost in the judge's mind and the judge must be constantly cognizant that the ethical obligations incumbent upon a presiding judge predominate, thus limiting the judge's ability to speak candidly. However, when a case is referred to a magistrate judge for mediation, that magistrate judge is able to proceed unencumbered by the unique ethical obligations that apply to a presiding judge, and therefore is able to speak far more candidly and offer frank opinions about the merits of the case.

No doubt, this additional freedom encourages and facilitates settlement; I have certainly found it invaluable and essential when conducting mediations.

Once a magistrate judge has shed the role of a presiding judge and acted solely in the role of mediator, it is impossible to un-ring that bell; a magistrate judge who acts as a mediator without the expectation that the case may be re-assigned to him or her for the purposes of proceeding as the trial judge will almost invariably be presented with a case where impartiality may reasonably be questioned, thereby necessitating a recusal pursuant to 28 U.S.C. § 455(a).

Although it may be possible for a magistrate judge to simply proceed with all mediations in the guarded manner required of any presiding judge, this would handcuff the effectiveness of the mediation process. This approach would benefit no one--certainly not the parties who seek a mutually beneficial resolution of their dispute without the complications and expense of trial or the referring court who similarly seeks the expeditious resolution of the case. See Civil L.R. 16.4. Further, it would undermine the rationale of utilizing magistrate judges to conduct mediations; if every magistrate judge was forced to limit his or her conduct in the mediation to the methods available to the presiding judge, then a presiding judge may as well conduct the mediation. But it is precisely because a magistrate judge is uniquely able to proceed comparatively unencumbered when conducting a mediation that this district has elected to utilize the process of referring cases to magistrate judges for mediation under its alternative dispute resolution policy. See General L.R. 72.2(b)(20). A practice, I might observe, that has been very successful in resolving cases.

Therefore, absent exceptional circumstances, it is, and shall remain, my practice to recuse myself from proceeding as a trial judge in any case in which I conducted a mediation based upon a referral from another judge pursuant to General L.R. 72.2(b)(20).

**IT IS THEREFORE ORDERED** that I recuse myself pursuant to 28 U.S.C. § 455(a). This case shall be returned to the clerk's office for random reassignment to another magistrate judge.

Dated at Milwaukee, Wisconsin this 26th day of October, 2007.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge